**SILVA RUN WORLDWIDE LIMITED, David Pecarsky and Overall Supply Incorporated, on behalf of themselves and all others similarly situated, Plaintiffs,**

**Proskauer Rose LLP, Claimant–Appellee,**

v.

**GALAXIWORLD.COM LIMITED, formerly known as Gaming Lottery Corporation and Jack Banks, also known as Jacques Benquesus, also known as Jacque Banques, also known as Jackques Besquesis, Defendants–Appellants,**

Park Wilshire Group, Inc. also known as Park Wilshire Group Corporation; Mariner Reserve Fund; Compania Di Investimento Antilliano; Coutts & Co. AG; Salvatore M. Franzella; Peter G. Embiricos; Coutts & Co. AG., New York Branch, the Instant Publisher Inc., and Ronald F. Seale, Defendants.

Nos. 00–7285, 00–7293, 00–7295, 00–7553, 00–7555, 00–7623.

United States Court of Appeals, Second Circuit.

Jan. 10, 2001.

Sheldon Eisenberger, The Law Office of Sheldon Eisenberger, New York, NY, for appellant.

Karen E. Clarke, Proskauer Rose LLP, New York, NY, for appellee.

Present CARDAMONE, PARKER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendants-appellants, Galaxiworld.com Limited ("Galaxiworld") (formerly known as Gaming Lottery Corporation) and Jack Banks ("Banks") appeal from six related judgments and orders of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*) issued in the exercise of the district court's ancillary jurisdiction. These six related judgments and orders included the adjudication of legal fees owed to Proskauer Rose LLP ("Proskauer") growing out of its representation of Galaxiworld in *Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, no. 96 Civ. 3231, 2000 WL 502864 ("*Silva Run*"), and *In re Gaming Lottery Securities Litigation*, no. 96 Civ. 5567, 2000 WL 702978 ("*In re Gaming*"). Galaxiworld and Banks filed several appeals relating to the adjudication of Proskauer's fees: in *In re Gaming*, Galaxiworld and Banks appealed from the January 26, 2000 order and judgment for $569,536.48, the March 6, 2000 amended judgment for $654,412.58, the April 24, 2000 order identifying Proskauer's claim as plenary and severable, and the May 3, 2000 second amended judgment for $654,412.58. In *Silva Run*, Galaxiworld, but not Banks, appealed from the March 6, 2000 judgment for $10,731.72, and the April 27, 2000 revised opinion and order denying its motion to vacate paragraph (4) of the March 6, 2000 order. Appellants treat the six appeals as a unit that raise three issues.

Appellants assert that the district court erred when it entered a money judgment in favor of Proskauer Rose. Appellants also claim that the district court erred when it ordered Jack Banks, president of Galaxiworld, to "cause" Galaxiworld to pay its debts. Lastly, appellants argue that the district court erred when it conditioned appellants' ability to move forward with its cross-claims and counterclaims in *Silva Run* on payment of an outstanding judgment from *In re Gaming.*

As for the first two arguments made by appellants, we affirm for substantially the same reasons as stated in the district court's revised opinion and order of April 27, 2000. *See Silva Run Worldwide Ltd. v. Gaming Lottery Corp.,* 2000 WL 502864 (S.D.N.Y. Apr. 27, 2000).

Finally, the district court did not abuse its discretion when it conditioned Galaxiworld's ability to move forward with claims in *Silva Run* on payment of fees owed in *In re Gaming.* This Court has held "that the district court has a responsibility to protect its own officers in such matters as fee disputes." *Itar–Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 444 (2d Cir.1998) (citations omitted) (*Pollack,* Winter, Meskill). In addition, this Court has held that "a federal district court may condition the substitution of attorneys in litigation pending before it upon the client's either paying the attorney or posting security for the attorney's reasonable fees and disbursements." *National Equip. Rental Ltd. v. Mercury Typesetting Co.,* 323 F.2d 784, 786 (2d Cir.1963) (*Lumbard,* Friendly, Smith). The practical effect of the language in *National Equipment Rental,* in the context of a corporation, is to prevent the corporation from proceeding with its litigation until it pays the fees owed to the outgoing attorney. The language in paragraph four of Judge Patterson's March 6, 2000 order comports with the law as stated in *National Equipment Rental* because its practical effect is the same. Therefore, Judge Patterson's decision to halt Galaxiworld's ability to progress in an effort to make sure that Proskauer was paid is consistent with the law of this Court as explained in *National Equipment Rental* and *Itar–Tass Russian News Agency.*

For the reasons set forth above, the judgment of the district court is AFFIRMED.